

FILED
IN OPEN COURT

NOV 18 2010

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No.: 1:10-CR-438 |
| | ) | |
| v. | ) | COUNT 1: 21 U.S.C. § 846 |
| | ) | (Conspiracy to Distribute Oxycodone) |
| JOSEPH ALLEN SMITH, | ) | |
| (Counts 1 and 4) | ) | COUNT 2: 21 U.S.C. § 841(a)(1) |
| | ) | (Distribution of Oxycodone) |
| LOIS SETTLE SMITH, | ) | |
| a/k/a "Lois Ann Smith," | ) | COUNTS 3 AND 4: 18 U.S.C. § 924(c) |
| a/k/a "Lois A. Smith," and | ) | (Possession of Firearm in Furtherance of |
| (Counts 1, 2, and 3) | ) | Drug Trafficking Crime) |
| | ) | |
| WARREN LEE SMITH II, | ) | FORFEITURE NOTICE: |
| (Count 1) | ) | 21 U.S.C. § 853 |
| | ) | (Forfeiture of Drug Assets) |
| Defendants. | ) | 18 U.S.C. § 924(d) |
| | ) | (Forfeiture of Firearm Possessed in |
| | ) | Furtherance of Drug Trafficking Crime) |

NOVEMBER 2010 TERM – at Alexandria, Virginia

INDICTMENT

COUNT 1

THE GRAND JURY CHARGES THAT:

Beginning in or about August 2009, to on or about October 26, 2010, within the Eastern

District of Virginia and elsewhere, defendants JOSEPH ALLEN SMITH, LOIS SETTLE

SMITH, also known as "Lois Ann Smith" and "Lois A. Smith," and WARREN LEE SMITH II

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree together

with others known and unknown to the grand jury to commit the following offense against the

United States:

1.      To knowingly, intentionally, and unlawfully distribute a mixture and substance

containing a detectable amount of oxycodone, also known as "OxyContin," "Oxy," "Killer," and

"Hillbilly Heroin," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

### Ways, Manner, and Means to Accomplish the Conspiracy

The primary purpose of the conspiracy was to profit from the distribution of controlled substances. The ways, manner, and means by which this purpose was carried out included, but were not limited to, the following:

1.      Members of the conspiracy played different roles, took upon themselves different tasks and participated in the affairs of the conspiracy through various criminal acts, including selling and distributing drugs at the defendants' home in Boston, Virginia and elsewhere, and assisting the defendants in obtaining, transporting, and delivering drugs to others.

2.      Members of the conspiracy obtained various quantities of oxycodone from various sources within the Eastern District of Virginia and elsewhere.

3.      Members of the conspiracy used, carried, and possessed firearms in and near their home and elsewhere during their drug trafficking activities.

4.      Members of the conspiracy derived substantial income, which was concealed from state and federal authorities, and resources from their unlawful activities.

5.      Members of the conspiracy would commit and aid and abet in the commission of criminal offenses involving the knowing, intentional, and unlawful distribution of oxycodone in violation of Title 21, United States Code, Sections 841(a)(1), and Title 18, United States Code, Section 2.

### Overt Acts

In furtherance of the said conspiracy and to effect the objects thereof, defendants JOSEPH ALLEN SMITH, LOIS SETTLE SMITH, and WARREN LEE SMITH II, and their

2

conspirators, known and unknown, committed overt acts in the Eastern District of Virginia and elsewhere including, but not limited to, the following:

1.      From in or about February 2010 through May 2010, confidential informant 1 ("CI-1"), before he began acting at the direction of law enforcement, purchased oxycodone 15 mg pills from WARREN LEE SMITH II on multiple occasions.

2.      From in or about May 2010 through August 2010, CI-1, before he began acting at the direction of law enforcement, purchased oxycodone 15 mg and 30 mg pills from JOSEPH ALLEN SMITH and LOIS SETTLE SMITH on multiple occasions.

3.      On or about September 24, 2010, in Warrenton, Virginia, within the Eastern District of Virginia, LOIS SETTLE SMITH distributed and sold oxycodone to CI-1 and confidential informant 2 ( "CI-2"), who were acting at the direction of law enforcement.

4.      During and around October 2010, WARREN LEE SMITH sold oxycodone 30 mg pills to M.F., who was not acting at the direction of law enforcement.

5.      On or about October 7, 2010, JOSEPH ALLEN SMITH and LOIS SETTLE SMITH received payment from CI-2, who was acting at the direction of law enforcement, for oxycodone that JOSEPH ALLEN SMITH and LOIS SETTLE SMITH had previously distributed and sold to CI-1 and CI-2.

6.      On or around October 8, 2010, in Manassas, Virginia, within the Eastern District of Virginia, LOIS SETTLE SMITH possessed with the intent to distribute oxycodone obtained from a Manassas pharmacy.

7.      On or about October 13, 2010, JOSEPH ALLEN SMITH and LOIS SETTLE SMITH distributed and sold oxycodone to CI-2, who was acting at the direction of law enforcement, with the understanding that CI-2 would pay for the oxycodone at a later date.

3

.8.     On or about October 15, 2010, JOSEPH ALLEN SMITH and LOIS SETTLE

SMITH received payment from CI-2, who was acting at the direction of law enforcement, for

oxycodone that JOSEPH ALLEN SMITH and LOIS SETTLE SMITH had previously distributed

and sold to CI-2.

(In violation of Title 21, United States Code, Section 846.)

## COUNT 2

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 24, 2010, in Warrenton, Virginia, within the Eastern District of

Virginia, defendant LOIS SETTLE SMITH did knowingly, intentionally, and unlawfully

distribute a mixture and substance containing a detectable amount of oxycodone, also known as

"OxyContin," "Oxy," "Killer," and "Hillbilly Heroin," a Schedule II controlled substance.

(In violation of Title 21, United States Code, Section 841(a)(1).)

## COUNT 3

THE GRAND JURY FURTHER CHARGES THAT:

On or about September 24, 2010, in Warrenton, Virginia, within the Eastern District of Virginia, defendant LOIS SETTLE SMITH did unlawfully and knowingly possess a firearm in furtherance of a drug trafficking crime for which she may be prosecuted in a court of the United States, to wit: the conspiracy to distribute oxycodone, in violation of Title 21, United States Code, Section 846, as set forth and charged in Count 1 of this Indictment, and the distribution of oxycodone, in violation of Title 21, United States Code, Section 841(a)(1), as set forth and charged in Count 2 of this Indictment.

(In violation of Title 18, United States Code, Section 924(c).)

## COUNT 4

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 26, 2010, defendant JOSEPH ALLEN SMITH did unlawfully and knowingly possess a firearm, to wit: a Taurus handgun (.357 caliber) (serial number NA900065), in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit: the conspiracy to distribute oxycodone, in violation of Title 21, United States Code, Section 846, as set forth and charged in Count 1 of this Indictment.

(In violation of Title 18, United States Code, Section 924(c).)

## FORFEITURE NOTICE

The defendants are hereby notified, pursuant to Federal Rule of Criminal Procedure 32.2, that:

1.    If convicted of the drug violations charged in Count 1 and Count 2 of this Indictment, the defendant(s) shall forfeit to the United States any property constituting, or derived from, any proceeds the defendant(s) obtained, directly or indirectly, as the result of such violation; and any of the defendant(s)' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.  This property includes, but is not limited to:

    a.    money judgment of $119,400 representing the amount of proceeds the defendant(s) derived from the commission of Count 1 and Count 2;

    b.    real property located at 12547 Smith Mountain Way, Boston, Virginia; and

    c.    2010 Dodge Challenger SRT8 with VIN 2B3CJ7DW9AH104129.

2.    If convicted of the violations charged in Count 3 and 4 of this Indictment, the defendant(s) shall forfeit to the United States all firearms and ammunition involved in or used in such violation. This property includes, but is not limited to:

    a.    Taurus handgun, .357 caliber, serial no. NA900065.

3.    Pursuant to Title 21, United States Code, Section 853(p), the defendant(s) shall forfeit substitute property, up to the value of the amount described in paragraph 1, above, if, by any act or omission of the defendant(s), the property or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.  The property subject to forfeiture as substitute assets includes, but is not limited to, the following:

8

a.   $20,485.13 U.S. currency due and payable from the Virginia Cattle Company for 41 head of cattle purchased from defendants Joseph Smith and Lois Smith on November 1, 2010;

b.   $12,014.22 U.S. currency in lieu of United Bank check number 13785 payable to Joe Allen Smith for 25 head of cattle purchased from defendants Joseph Smith and Lois Smith on November 9, 2010;

c.   $8,572.00 U.S. currency seized incident to the arrest of Joseph Allen Smith in Boston, Virginia on October 26, 2010;

d.   $15,000.00 U.S. currency seized from the safe deposit box of Joseph Smith and Lois Smith at StellarOne Bank in Culpeper, Virginia on October 27, 2010 pursuant to a search and seizure warrant issued by the U.S. District Court for the Western District of Virginia;

e.   miscellaneous men's and women's jewelry seized from the defendants' residence in Boston, Virginia on October 26, 2010;

f.   Taurus handgun, .38 caliber, serial no. ZK95911; and

g.   twelve miscellaneous rifles seized from the defendants' residence in Boston, Virginia on October 26, 2010.

(Pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853.)

A TRUE BILL

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office.

Foreperson

Neil H. MacBride
United States Attorney

By:   _Andrew J Ewalt_

Andrew J. Ewalt
Special Assistant United States Attorney